8063

### ROBINSON v. WESTERN UNION TELEGRAPH CO.

JURISDICTION—BAR.—Where a case is tried in the Federal Court of which it has jurisdiction and the trial is on the merits, it will not be held not to have been on the merits, and not a bar to an action on the same cause of action between the same parties in the State Court because the Judge in directing the verdict said he felt he had no jurisdiction of the case, especially where this was not made one of the grounds upon which direction of verdict was urged.

Before GAGE, J., Greenville, May, 1911.   Affirmed.

Action by T. C. Robinson, Jr., against Western Union Telegraph Company.   Plaintiff appeals.

*Messrs. H. H. Harris* and *J. J. McSwain,* for appellant, cite: 23 Cyc. 1150; 27 Am. St. R. 670; Frem. on Judg., secs. 260-6; Herman on Est. 278; Green. Ev., secs. 529-30; 1 Am. R. 125; 11 Cal. 175; 3 Ohio Dec. 362; 15 Am. R. 660; 1 So. R. 309.

*Messrs. Geo. H. Fearons, John Gary Evans* and *Messrs. McCullough, Martin & Blythe,* contra, cite: 126 Fed. 295; 36 S. C. 368; 67 S. C. 490; 74 S. C. 297.

December 19, 1911.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.   On May 29, 1909, plaintiff brought an action against defendant in the Court of Common Pleas for Greenville county to recover five thousand dollars damages for mental anguish alleged to have been suffered by him as the result of defendant's negligent and wilful conduct in failing to transmit and deliver a telegram filed in defendant's office at Norris, S. C., on November 22, 1908, addressed to plaintiff at Houston, Texas, announcing the death of his father. The case was removed to the United States Circuit Court and on May 3, 1910, trial was begun in that Court.   After testimony was introduced on both sides, defendant moved the Court to direct a verdict in its favor upon the grounds, (1) that there was no testimony of wilful failure to deliver the message; (2) that if there was such testimony there was nothing to show that defendant authorized or ratified the wilful misconduct of its agents; (3) that the undisputed testimony shows that the alleged cause of action arose in Texas and in the absence of any showing of a statute in Texas giving a right of action for damages for mental anguish, the presumption is that the common law prevails there which denies recovery of such damages in the absence of physical injury, and (4) that the testimony shows that defendant performed its contract and that there was no testimony to show negligence.

The United States District Judge, Hon. William H. Brawley, responding to the motion, directed a verdict for defendant, stating his reasons therefor which are incorporated in the record of this case and were substantially, that there was no evidence of any delict in this State, that the

delict occurred in Texas and that the action should have been brought in that State, that it not appearing that there was any statute in Texas allowing damages for mental anguish, the Federal Court would follow the general law which denied recovery for mental anguish not accompanied with bodily pain, the concluding words of the order being: "This Court feels without jurisdiction in the case, and it follows that it must instruct the jury to find a verdict for the defendant." Judgment was duly entered upon the verdict and no appeal was taken.

The present action, renewed in the State Court, is upon the same cause of action and between the same parties, and the defendant interposed the judgment of the Federal Court as a bar. Judge Gage in a clear and concise opinion sustained the plea in bar and dismissed the complaint. The exceptions of appellant make the point that the judgment of the Federal Court was not upon the merits, but that the case, in effect, was dismissed for want of jurisdiction, and therefore, the judgment was not a bar to the present action.

There is no doubt that the Federal Court did actually have jurisdiction, tested by the nature and amount of the controversy, the residence of the parties, the appearance and answer of the defendant, and the actual removal from the State Court. The jurisdiction of the Federal Court was in nowise affected by consideration of the place where the cause of action arose. Having jurisdiction, the Court exercised it and meant to exercise it in a most solemn and effective way by directing a verdict and entry of judgment thereon and this action must speak louder than the mere expressions in the language of the Court giving reasons for the judgment rendered. No question of jurisdiction was raised in the grounds of the motion to direct a verdict and all these grounds were upon the merits.

The meaning and effect of the decision in the Federal Court was that, as the delict occurred in Texas and as there was shown no statute of Texas allowing recovery for men-

tal anguish, the Court followed the rule of the common law denying recovery for mental anguish not accompanied with bodily injury instead of following the decision of this Court in *Brown* v. *Telegraph Co.,* 85 S. C. 495, 67 S. E. 146, upon which the plaintiff was relying. This was a determination upon the merits.

The judgment of the Circuit Court is affirmed.